### MICHAELS v. HEAD.

No. 25529. Dec. 10, 1935.

Rehearing Denied Jan. 14, 1936.

474

Hirsh & Hirsh, for plaintiff in error.

Stuart, Bell & Ledbetter, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, and against plaintiff in error, herein referred to as defendant, in an action upon a promissory note.

The cause was tried to a jury, and at the close of the evidence plaintiff moved for an instructed verdict. The motion was sustained and a verdict was returned for plaintiff, and judgment was entered accordingly, and defendant appeals.

Defendant assigns as error the order directing a verdict for plaintiff, and the exclusion of certain evidence offered by defendant.

Defendant admitted the execution of the note sued upon, but alleges in substance that before he signed the note it was agreed between plaintiff and defendant that the note was to be signed by B. T. Head, the father of B. T. Head, Jr., and that B. T. Head did not sign said note, and the said note was delivered contrary to said agreement and without defendant's knowledge or consent. He also pleaded that the note was without consideration.

The uncontradicted evidence is that there was an agreement between defendant B. T. Head that the note was to be signed by defendant and B. T. Head as makers, but when the note was drawn and ready for signature plaintiff declined to accept the note with B. T. Head as one of the signers; that in the presence of all three, B. T. Head prepared the note for signature, that defendant signed it in the presence of all three and delivered the note himself to plaintiff, and this with full knowledge that B. T. Head had not signed it.

Defendant wholly failed to prove his allegation in this regard, or to offer any evidence tending to prove same.

Defendant also wholly failed to prove that the note was without consideration.

The uncontradicted evidence is that B. T. Head, Jr., who is the husband of plaintiff, was the owner of an oil and gas lease covering certain land in Hughes county, and had agreed to drill a well thereon and had built a derrick and commenced operation. That plaintiff had advanced or loaned B. T. Head, Jr., some $1,500 toward developing said lease, that B. T. Head, Jr., was unable to proceed with the work and had given a check to some party for $200 in connection therewith, which check was dishonored and B. T. Head, Jr., had been arrested in connection therewith. Thereupon B. T. Head, Sr., and defendant entered into some kind of an arrangement, the nature of which does not fully appear, whereby they were to take over the lease, pay the $200, and possibly operate the lease. The lease was to be, and was assigned to defendant. But plaintiff, having advanced some $1,500, as stated above, insisted that she be protected to the extent of $500, if her husband was to assign the lease. It was then agreed between defendant and B. T. Head, Sr., that they would execute a note to her in said sum. But, as stated, plaintiff refused to take the note with her father-in-law, B. T. Head, Sr., as one of the makers, but did agree to take the note signed by defendant alone. Thereupon the note was executed and delivered by defendant, as stated above, and the lease was assigned to defendant. Clearly there was no failure of consideration.

It is next contended that the court erred in excluding certain evidence offered by defendant.

This appears to have been an unsigned copy of an agreement between defendant and someone, probably B. T. Head, Jr.

It was offered in evidence and an objection thereto was sustained. It is not in the record and no statement of its contents was made.

There is no way to know what its contents were, except a remark made by the trial court to the effect that it was purely an operating contract.

It is not contended that plaintiff was a party thereto, or that she was in any way bound thereby.

Defendant also complains because the court erred in excluding parol evidence to the effect that a short time after the lease was assigned to defendant a suit was commenced by the lessors in Hughes county to cancel the lease. There was no attempt whatever to show that plaintiff was in anyway responsible for the facts or circumstances, if any existed, which would warrant the cancellation of the lease. There was no error in excluding the evidence offered. The record as a whole discloses that there was no question of fact for the jury, and that there was no error in directing a verdict for plaintiff.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.